2004 ME 60

**JOHN B. DISANTO AND SONS, INC.**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 24, 2004.

Decided: May 6, 2004.

James B. Haddow, Bruce A. McGlauflin, Petruccelli, Martin & Haddow, LLP, Portland, for plaintiff.

Charles A. Lane, Associate Corporation Counsel, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

RUDMAN, J.

[¶ 1] John B. DiSanto and Sons, Inc. appeals from a judgment entered in the Superior Court (Cumberland County, *Humphrey, J.*) affirming a decision of the City of Portland's Zoning Board of Appeals interpreting the city's land use ordinance as irreversibly extinguishing the grandfathered status of a nonconforming lot because it had been held in common ownership with an adjacent lot. We affirm the decision of the Superior Court.

[¶ 2] For a nonconforming lot to enjoy grandfathered status, the Portland ordinance requires, among other things, that it be "held under separate and distinct ownership from the adjacent lots." Portland, Me., Code § 14–433 (Jan. 30, 1989). DiSanto and Sons, Inc. contends that a grandfathered, nonconforming lot does not permanently lose its grandfathered status when held under common ownership with an adjacent lot, and that it regains its grandfathered status when, again, its ownership is separate from the ownership of the adjacent lots.

[¶ 3] In 1968, John and Marco DiSanto purchased a parcel of land (lot 94) in Portland, and then in 1974, purchased an adjacent parcel (lot 93). At that time, lot 93 did not conform to the setback and lot width requirements of Portland's land use code, but enjoyed grandfathered status. In 2002, the DiSantos conveyed lot 93 to John B. DiSanto and Sons, Inc., who then

applied for a building permit to construct a single-family dwelling on the lot.

[¶ 4] Despite DiSanto and Sons, Inc.'s attempt to distinguish this case from our precedents, the issue is resolved by our ruling in *Farley v. Town of Lyman*, 557 A.2d 197, 201 (Me.1989). In *Farley*, a conforming lot was created when two adjacent, grandfathered, nonconforming lots came under common ownership. *Id.* at 198. The ordinance provided that a grandfathered lot "may be built upon *provided* that such lot *shall be* in separate ownership and not contiguous with any other lot in the same ownership." *Id.* at 200. One of the lots was then conveyed to a different owner and was no longer held in common ownership with the adjacent lot. *Id.* at 198. The owner asserted that once the nonconforming lot was again in separate ownership, it regained its grandfathered status. *Id.* at 200. We held that the loss of grandfathered status was "permanent and irreversible," noting that to give the ordinance "any other construction would ignore both the context and the purpose of the disputed language." *Id.* at 201. Our holding and rationale in *Farley* require the same result here.

The entry is:

Judgment affirmed.